· R. T. Palmer v. The State.

' No. 7079.  Decided October 25, 1922.

**1.—Possessing Intoxicating Liquor—Sale—Sufficiency of the Evidence.**

Where, upon trial of possessing intoxicating liquor for the purpose of sale the evidence was sufficient to sustain the conviction there was no reversible error.

**2.—Same—Instructing Jury—Practice in Trial Court—Additional Charge.**

Where the jury came into court and through their foreman propounded the question to the court whether it took more than one witness to establish the fact that defendant offered whisky for sale, and the court in writing instructed the jury that it did not take more than one witness to establish this fact, if it was a fact, that defendant offered whisky for sale, provided the jury believed beyond a reasonable doubt the testimony of such witness, the same was not on the weight of the evidence, and there was no reversible error.

Appeal from the District Court of Ellis.  Tried below before the Hon. W. L. Harding.

Appeal from a conviction of possessing liquor for the purpose of sale; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*T. P. Whipple* and *Will Hancock,* for appellant.—Cited: Gibbs v. State, 1 Texas Crim. App., 13; Millsap v. State, 38 Texas Crim. Rep., 570.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—From a conviction in the District Court of Ellis County of the offense of possessing liquor for the purposes of sale, appellant has appealed.

·The facts seem to entirely support the verdict.  The appellant drove into town on the day charged and parked his car, and went around from persons to persons, and it appears from the evidence that he suggested to several of them that he had something good to drink in his car and would sell it to them.  A search of his car revealed several jars of whisky.  Appellant himself was under the influence of liquor. When he was arrested and questioned about the liquor he said that

it belonged to some other man who had come to town with him. The witnesses who saw him drive up and park his car saw no one with him at the time.

But one question is urged by appellant before this court. After the jury had been in retirement for some time they came into court and through their foreman propounded the following question: "Does it take more than one witness to establish the fact that defendant offered whisky for sale?" To the above question in writing propounded by the jury the trial court gave in writing the following answer: "You are instructed that it does not take more than one witness to establish the fact, if it is a fact, that defendant offered whisky for sale, if he did, provided the jury believe, beyond a reasonable doubt, the testimony of such witness." The giving of this charge is vigorously assailed by appellant's counsel as being upon the weight of the testimony and conveying to the jury the belief of the court in the fact that appellant was guilty and that he should be convicted. We have examined each of the authorities cited by appellant and find them to be merely discussions of charges on the weight of the testimony and expressing the court's disapproval of same. We are unable to bring ourselves to believe that the charge in question was on the weight of the testimony. It contained no suggestion of the court that any testimony was true, or that the jury should accept the testimony of any witness, or that the testimony of any witness was sufficient. It contained merely the announcement of that which is an admitted legal fact, that is that the testimony of one witness if believed by the jury beyond a reasonable doubt is sufficient to support the belief in the truth of the fact testified about. We know of no authority questioning the fact that the testimony of one witness is sufficient in an ordinary case to establish a given proposition. We take it this is a matter well understood by the average juror and that there is no need for a statement of this proposition in an ordinary charge, but the jury in the instant case seemed to be in doubt, and having propounded to the court in writing a desire for further instruction on the point, as they are allowed to do by our statute, we do not think the court transgressed his province in simply answering the question propounded.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

[Place under November, 1922. REPORTER.]